United States District Court
Southern District of Texas
**ENTERED**
April 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GLORIA ANA ACUNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00046 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

On September 3, 2021, the undersigned granted the Commissioner of Social Security's unopposed motion to remand, reversed the Commissioner's determination that Plaintiff Gloria Ana Acuna was not disabled, and remanded to the Social Security Administration for further consideration of her application for benefits. (D.E. 11). On March 21, 2023, the undersigned granted the Commissioner's unopposed motion to reinstate the complaint and terminate the matter because Acuna prevailed at the administrative level. (D.E. 13, 14). Acuna's counsel, Melissa Ann Palmer, has now filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (D.E. 15, 16). The Commissioner contends that Palmer used the wrong hourly rate in calculating part of her requested fee award. (D.E. 17). Palmer has filed a reply, agreeing that her initial requested rate was incorrect, but disagreeing with the Commissioner's suggested rate. (D.E. 18). For the reasons discussed

further below, it is recommended that the motion (D.E. 15) be **GRANTED**, but that the initial requested fee be adjusted.

## I. BRIEFING

In her motion, Palmer seeks attorney fees of $1,175.74 under the EAJA for a total of 8.2 hours of work between the underlying lawsuit and her preparation of the fee petition. (D.E. 16 at 2; D.E. 16-3 at 2-3; D.E. 16-4 at 2). Palmer contends that a cost-of-living adjustment is appropriate in this case and that the proper hourly rate for hours worked in 2021 is $214.29, while the proper hourly rate for hours worked in 2022 is $232.67, plus $100 for each paralegal hour worked in any year. (D.E. 16 at 2). Palmer reaches these sums by relying on data from the Consumer Price Index ("CPI") for the South Urban area. (D.E. 16-1 at 2-4). Accordingly, Palmer seeks $492.87 based on 2.3 hours of work in 2021, $162.87 for 0.7 hours worked in 2022, and $520 for 5.2 paralegal hours worked. (D.E. 16 at 2).

The Commissioner does not oppose an award of fees but disagrees with Palmer's calculation of the hourly rates. (D.E. 17 at 1). The Commissioner argues that she should have used the CPI data for the South Urban B area, which provides for a rate of $206.55 for 2021 and $220.66 for 2022. (*Id.* at 1-2). As a result, the Commissioner argues that the proper fees are $475.07 based on 2.3 hours of work in 2021, $154.46 based on 0.7 hours of work in 2022, and $520 for 5.2 paralegal hours worked, equaling $1,149.53. (*Id.* at 2).

Palmer agrees that the proper CPI data is for the South Urban B/C area, but contends that the new rates specified by the Commissioner are incorrect. (D.E. 18 at 1). Instead,

she argues that the hourly rate for 2021 should be $206.70 and the hourly rate for 2022 should be $224.12. Thus, she contends that the proper final award is $1,152.29. (*Id.*).

## II. APPLICABLE LAW

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses" that were incurred in any civil action brought against the United States, "including proceedings for judicial review of agency action," unless the position of the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Attorney fees under the EAJA should not exceed $125 per hour worked, but increases to this amount are appropriate to account for increases in the cost of living. *Id.* § 2412(d)(2)(A). "By permitting cost-of-living increases [in the EAJA], Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with [the statutory figure], but no more." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). A litigant is entitled to attorney's fees for time spent preparing and litigating the fee issue itself. *Powell v. C.I.R.*, 891 F.2d 1167, 1170-71 (5th Cir. 1990).

EAJA awards are payable to the litigant rather than their attorney. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). However, the payments may nonetheless be remitted to the attorney in care of his client. *See id.* at 597-98.

## III. ANALYSIS

Here, as an initial matter, it is Acuna that is statutorily entitled to the EAJA award rather than Palmer. *Id.* at 589. That the two may have their own independent agreement whereby Palmer is entitled to any EAJA award does not change the statutory language.

*See id.* at 597-98.  Despite an initial apparent dispute, the parties agree about this.  (*See* D.E. 18 at 1).

As to the fee dispute, the parties agree that an EAJA award is appropriate and that a cost-of-living adjustment should be applied based on CPI data for the South Urban B/C area.  However, it is Palmer's calculation of the hourly rates based on this data that is correct.  (*See* D.E. 18-1 at 2-4).  Thus, Palmer's 2.3 hours worked in 2021 result in an EAJA award of $475.41 based on an hourly rate of $206.70, her 0.7 hours worked in 2022 result in an award of $156.88 based on an hourly rate of $224.12, and the 5.2 paralegal hours worked result in an award of $520 based on an hourly rate for $100, for a total EAJA award of $1,152.29

## IV.  RECOMMENDATION

Accordingly, it is recommended that the motion (D.E. 15) be **GRANTED** as modified and that an EAJA fee award of $1,152.29 be made payable to Plaintiff, Gloria Ana Acuna, and sent in care of her attorney, Melissa Ann Palmer.

Respectfully submitted on April 28, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).