United States District Court
Southern District of Texas
**ENTERED**
August 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GLORIA ANA ACUNA, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:21-CV-00046 |
| | § |
| COMMISSIONER OF SOCIAL SECURITY, | § |
| | § |
| Defendant. | § |

## MEMORANDUM AND RECOMMENDATION

Attorney Melissa Palmer seeks a fee under 42 U.S.C. § 406(b) for successfully representing Social Security claimant Gloria Ana Acuna. (D.E. 21). The Commissioner of Social Security ("Commissioner") responded to Palmer's motion, but did not assert a position on the reasonableness of the request. (D.E. 22).

In September 2021, this Court reversed the Commissioner's denial of Disability Insurance benefits ("disability benefits") and remanded for further proceedings. (D.E. 11). On remand, the Commissioner concluded that Acuna had been under a disability since February 5, 2018, and notified Acuna that she was due back disability benefits totaling $74,615.90. (D.E. 21-3 at 8). In May 2023, the Court awarded Palmer attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $1,152.29. (D.E. 20).

In the present motion, Palmer seeks an award of $7,200, which is less than 25% of Acuna's total award of past-due disability benefits. (D.E. 12-1 at 2-3). For the reasons discussed below, it is recommended that Palmer's motion (D.E. 21) be **GRANTED**.

**I.     RELEVANT LAW**

When a court renders a judgment in favor of a Social Security claimant who was represented by an attorney, the court may allow a reasonable attorney's fee, not to exceed 25 percent of the total of past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1).

Section 406(b) does not displace contingency-fee arrangements as the primary means for determining the appropriate attorney's fees for a successful Social Security claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002). However, a court must independently review each contingent-fee arrangement to ensure that it is reasonable in a particular case. *Id.* at 807. The 25 percent limit defined in the statute is a ceiling for fees and is not always reasonable. *Id.* A court may lower the fee award depending on the time and effort that the attorney expended. *Id.* at 808. The attorney bears the burden of showing that a fee is reasonable. *Id.* at 807 n.7. Here, Palmer and her client had a contingency-fee agreement entitling Palmer to up to 25 percent of past-due benefits. (D.E. 21-2 at 1-2).

In determining whether a fee award should be lowered, the question is whether the fee award would be so large relative to the time that counsel spent on the case that counsel would receive a windfall. *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010). Accordingly, although the lodestar method does not control the analysis of a proper fee award under § 406(b), it is appropriate to consider an effective hourly fee rate "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would

not be reasonable to compensate him." *Id.* at 380. This is not merely a question of time spent working on the case, but rather whether the success of the case can be attributed to the attorney's work. *Id.* at 380-81. The Fifth Circuit has not provided an exhaustive list of factors to consider but has noted that some factors include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82.

If an attorney receives fee awards under both the EAJA and § 406(b), she must refund the lesser award to the client. *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006).

## II. ANALYSIS

Here, an award of $7,200 is reasonable under the circumstances of this case. That total equals significantly less than 25 percent of Acuna's past-due disability benefits. (D.E. 21-3 at 8). Accordingly, while not determinative of reasonableness, the fee request does not exceed the maximum allowable under § 406(b). *See Gisbrecht*, 535 U.S. at 807.

Under the relevant factors identified by the Fifth Circuit, first, courts have recognized that there is a substantial risk of loss in social security appeals. *See, e.g., Charlton v. Astrue*, No. 3:10–CV–0056–O–BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011). Although the Commissioner ultimately agreed to a remand, counsel faced a significant risk of loss when

she began her representation as Acuna initially lost at the administrative level. (*See* D.E. 10).

Second, because counsel seeks fees for working 8.2 hours on the case and the fee award sought is $7,200, the resulting hourly rate is $878.05. (D.E. 21-1 at 2-3; D.E. 21-4 at 2-3). This falls below fee awards other courts have found to be reasonable. *See Baker v. Colvin*, No. 3:11-CV-3497-M-BH, 2014 WL 6769080 at *3 (N.D. Tex. Dec. 1, 2014) (collecting cases). Given counsel's experience in social security law and the lack of success at the administrative level before she was hired, the success on appeal is reasonably attributable to her work. Under the remaining factors, the fee reflects the favorable result obtained, given that Acuna received $74,615.90 in past-due benefits. Further, the fee represents significantly less than the up to 25% of past-due benefits that Acuna agreed to in the contingent-fee agreement, which is an indication that she consented to payment of this fee. *See Jeter*, 622 F.3d at 381-82; (D.E. 21-2 at 1-2).

Accordingly, after consideration of the relevant factors, the undersigned believes that the requested fee of $7,200 is reasonable.

### III. RECOMMENDATION

Accordingly, it is recommended that Palmer's motion (D.E. 21) be **GRANTED** and that the Court find that she is entitled to a fee award of $7,200. Further, Palmer must refund to her client the $1,152.29 award she previously received under the EAJA because it is the lesser of the two awards.

Respectfully submitted on August 9, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).